IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOANN BROWN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-884-A |
| | § | |
| COLONIAL SAVINGS F.A., and | § | |
| TIM NEER, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion to dismiss for failure to state a claim upon which relief can be granted filed in the above-captioned action by defendants, Colonial Savings F.A. ("Colonial") and Tim Neer ("Neer"). Plaintiff, Joann Brown, has responded. Having considered the motion, the complaint, and the applicable legal authorities, the court concludes:

1. The allegations of the complaint are insufficient to state any claim upon which relief can be granted; however, plaintiff should have the opportunity to amend her complaint as to her retaliation claims against Colonial under 12 U.S.C. § 5567 and 18 U.S.C. § 1514A.

2. Plaintiff's claims against Colonial for alleged negligent hiring, supervision, and retention and against Neer for alleged intentional infliction of emotion distress should be dismissed.

1

I.

Plaintiff's Claims

Plaintiff is a former employee of Colonial who asserts the following claims: retaliation in violation of 12 U.S.C. § 5567 by Colonial; retaliation in violation of 18 U.S.C. § 1514A by Colonial; negligent hiring, supervision, and retention by Colonial; and intentional infliction of emotional distress by Neer.

II.

Ground(s) of the Motion to Dismiss

Defendants move to dismiss plaintiff's complaint for failure to state any claim upon which relief can be granted. Defendants assert, inter alia, that plaintiff has failed to allege sufficient factual allegations to support any of her claims.

III.

Applicable Legal Principles

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal

quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim upon which relief can be granted, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific

3

task that requires the reviewing court to draw on its judicial experience and common sense." Id.

IV.

Analysis

A. Retaliation in violation of 12 U.S.C. § 5567 by Colonial

Section 5567, title 12 of the United States Code protects covered persons from termination or discrimination for providing an employer information "relating to any violation of . . . any provision of this title or any other provision of law that is subject to the jurisdiction of the [Consumer Financial Protection] Bureau, or any rule, order, standard, or prohibition prescribed by the Bureau . . . ." 12 U.S.C. § 5567(a)(1).

Plaintiff alleges she was retaliated against when she alerted Colonial to potential violations of the "Consumer Protection Act of 2010[1], the Electronic Funds Transfer Act, and Dodd-Frank . . . ." Doc. 1 at ¶ 61.[2] A statement as to what provision(s) of these statutes Colonial allegedly violated, or an explanation as to how her claim violated the statutes, are absent from plaintiff's complaint. Plaintiff's bare-boned allegations do no more than permit the court to infer the possibility of

---

[1] Although unclear, plaintiff may be referring here to the Consumer Financial Protection Act of 2010 ("CFPA").

[2] The "Doc. _" reference is to the number of the item on the docket in this action.

4

misconduct. They do not state a claim for which relief can be granted.

B. <u>Retaliation in violation of 18 U.S.C. § 1514A</u>

Section 1514A, title 18 of the United States Code protects employees of contractors of publicly traded companies from retaliation for providing information "the employee reasonably believes constitutes a violation of section 1341, 1343, 1344, or 1348, any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders . . . ." See <u>Lawson v. FMR LLC</u>, 134 S.Ct. 1158, 1176 (2014)(holding that employees of private contractors of publicly traded companies may be afforded whistleblower protection under the Sarbanes-Oxley Act of 2002 ("SOX")).

Plaintiff alleges that the underlying misconduct triggering protection under § 1514A was Colonial's purported backdating of "notice letters informing consumers of material changes to [automatic clearing house] withdrawals." Doc. 1 at ¶ 28 (alteration supplied). The untimely mailing allegedly resulted in overdrafts to consumer accounts. <u>Id.</u> Plaintiff, apart from asserting bare legal conclusions, fails to provide facts explaining how Colonial's alleged misconduct falls within one or more of the statutes enumerated § 1514A. Plaintiff's claim, in

5

this form, is insufficient to state a claim upon which relief can be granted.

C. <u>Negligent Hiring, Supervision, and Retention</u>

An employer is liable for negligent hiring, supervision, or retention if it "hires an incompetent or unfit employee whom the employer knows, or reasonably should have known, was incompetent or unfit, thereby creating an unreasonable risk of harm to others." <u>Cox v. Ft. Worth</u>, 762 F. Supp. 2d 926, 940 (N.D. Tex. 2010)(citing <u>Fifth Club, Inc v. Ramirez</u>, 196 S.W.3d 788, 796 (Tex. 2006).

Plaintiff offers no facts supporting her alleged claim against Colonial for negligent hiring, supervision, and retention of Neer. Instead, plaintiff lists the elements of negligence and recites one-sentence legal conclusions. Plaintiff's conclusory allegations are insufficient to state a claim upon which relief can be granted. Nothing in the complaint suggests that there are facts that could be alleged in an amended complaint that would cure the pleading deficiencies as to this claim.

D. <u>Intentional Infliction of Emotional Distress</u>

Plaintiff asserts a claim of intentional infliction of emotional distress against Neer. Under Texas law, the elements of intentional infliction of emotional distress are: "(1) the defendant acted intentionally or recklessly; (2) the defendant's

6

conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe." Hoffman-La Roche Inc. v. Zeltwanger, 144 S.W.3d 438, 445 (Tex. 2004) (citations omitted). For an intentional infliction of emotional distress claim, Neer's conduct must have been "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Twyman v. Twyman, 855 S.W.2d 619, 621 (Tex. 1993) (quotations omitted). Plaintiffs have wholly failed to allege facts that support a conclusion that Neer's conduct was extreme or outrageous.

Plaintiff's claim also fails because "a claim for [intentional infliction of emotional distress] is not available against an employee's supervisor if the same alleged conduct supports a claim for relief against the employer under other legal theories, such as the anti-discrimination statutes." Muniz v. El Paso Marriott, No. EP-09-CV-274-KC, 2009 WL 4878619, at *9 (W.D. Tex. Dec. 8, 2009)(citing Creditwatch v. Jackson, 157 S.W.3d 814, 816 (Tex. 2005)). Plaintiff fails to allege misconduct separate from the misconduct upon which she bases her claims for retaliation under the CFPA and SOX. Defendants' motion

7

to dismiss plaintiff's claim for intentional infliction of emotional distress must be granted.

Nothing in the complaint suggests that there are facts that plaintiff could plead that state such a claim if plaintiff were to be permitted to reallege it by an amended complaint. Therefore, the court is finally dismissing this claim.

IV.

Order

Therefore,

The court ORDERS that plaintiff's claims against Colonial for negligent hiring, supervision, and retention and against Neer be, and are hereby, dismissed.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to such dismissals.

The court further ORDERS that if plaintiff wishes to file an amended complaint as to her claims against Colonial for retaliation in violation of 12 U.S.C. § 5567 and 18 U.S.C. § 1514A, she is authorized to do so by 4:00 p.m. on February 3, 2017, bearing in mind that the court does not accept conclusory allegations or unwarranted deductions of fact as true, and that plaintiff must provide more than labels and conclusions or a formulaic recitation of the elements of a cause of action.

Twombly, 550 U.S. 544, 555 (2007); Tuchman v. DSC Commc'ns Corp., 14 F.3d 1061, 1067 (5th Cir. 1994).

SIGNED January 23, 2017.

_____
JOHN MCBRYDE
United States District Judge

9